# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2021

Lyle W. Cayce
Clerk

No. 19-60930
Summary Calendar

Julio Cesar Rodriguez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 807 305

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

In 2001, Julio Cesar Rodriguez, a native and citizen of Mexico, was admitted to the United States as a nonimmigrant visitor with authorization to remain in the country for a temporary, identified period of time; he did not leave the country by the designated date. Thus, in 2018, the Department of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60930

Homeland Security served Rodriguez with a notice to appear, charging him with removability under 8 U.S.C. § 1227(a)(1)(B).

Rodriguez appeared with counsel in immigration court, admitted the factual allegations in the notice to appear, and conceded removability. After filing an application for cancellation of removal, counsel moved to withdraw, and the immigration judge (IJ) granted the motion. The IJ continued the next scheduled hearing so that Rodriguez could hire substitute counsel. However, Rodriguez appeared pro se at the subsequent hearing, and the IJ set the case for a merits hearing. Rodriguez then repeatedly requested removal and indicated that he no longer wished to pursue cancellation of removal; accordingly, the IJ ordered him removed to Mexico. Rodriguez agreed with, and accepted, the IJ's removal decision. The IJ's written order stated that Rodriguez waived appeal.

Thereafter, Rodriguez filed a notice of appeal with the Board of Immigration Appeals (BIA). The BIA rejected Rodriguez's sole argument on appeal that his waiver was not knowing and voluntary, and therefore his due process rights were violated, because he was unaware at the time he waived appeal that his family had hired counsel to represent Rodriguez in the removal proceedings and dismissed his appeal based on the appeal waiver.

On appeal, Rodriguez argues only that the waiver was not knowing and voluntary based on the factors articulated in *Nose v. Attorney General*, 993 F.2d 75 (5th Cir. 1993), and that as a result, his due process rights were violated. Rodriguez's failure to present these issues to the BIA and properly exhaust his administrative remedies deprives this court of jurisdiction to address them. *See Omari v. Holder*, 562 F.3d 314, 317 (5th Cir. 2009). Rodriguez's petition for review is DISMISSED FOR LACK OF JURISDICTION.